[Crim. No. 444. First Appellate District.—April 23, 1913.]

## THE PEOPLE, Respondent, v. FRED REITZKE, Appellant.

CRIMINAL LAW—PANDERING—EVIDENCE OF CONDUCT OF PARTIES WHILE IN ANOTHER STATE.—In a prosecution of a man for living on the earnings of a prostitute, evidence that she was a prostitute and lived with him in another state before they came to this state is admissible to show that he knew she was a prostitute.

ID.—DEFENSE—USE OF EARNINGS IN LEGITIMATE BUSINESS—INSTRUCTIONS.—In the prosecution of a man for living on the earnings of a prostitute, the defense that the money was taken, not for his support, but to establish him in a legitimate business, is sufficiently expressed in an instruction: "If you find from the evidence that the

prosecuting witness loaned and advanced to the defendant certain sums of money for the purpose of going into the saloon or other business, or for any other purpose except the purpose of being supported or maintained by the prosecuting witness, it will be your duty to find a verdict of not guilty."

ID.—Evidence—Sufficiency to Support Conviction.—The evidence in this case is found sufficient to sustain a conviction for pimping, under the statute (Stats. 1911, p. 10).

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Chas. S. Peery, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged with the crime of pimping. He was convicted and sentenced to two years' imprisonment in the state prison. He prosecutes this appeal from the judgment and from the order denying his motion for a new trial.

The act under which he was charged is found in the Statutes of 1911, at page 10, and reads as follows:

"Any male person who, knowing a female person to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of the prostitution of such prostitute . . . shall be guilty of a felony, to wit, pimping, and upon conviction of an offense under this act shall be punished by imprisonment in the state prison for a period of not less than one year nor more than three years. . . ."

We think the evidence is ample to show that the defendant lived on money earned by the prosecutrix as a prostitute. For a number of years prior to the time the defendant came to San Francisco he and the prosecutrix had lived together in several places in other states, in each of which the prosecutrix practiced prostitution, and out of the money so earned contributed to the support of the defendant. When he came to San Francisco, preceding her by about six months, she sent to him during that time one hundred dollars a week, and in May,

1912, she herself came to San Francisco, bringing with her one thousand seven hundred dollars. Six hundred dollars of this was spent with him "going around," and the balance she turned over to him, so she and he say, to buy "a saloon or lodging house." In July, 1912, she left California, and sent to him from time to time money in excess of five hundred dollars. All the money hereinbefore mentioned was earned by prostitution. It is possible that some of the money so given to the defendant was given for the purpose of enabling him to engage in some respectable calling, so that he might thereafter take the prosecuting witness out of the mode of life she was following, but the evidence is not strong to that effect. Quite the contrary. Moreover, at several places in her testimony the prosecutrix stated that she sent him money because she liked him.

We think the jury reached the right conclusion that the defendant was maintained or supported in whole or in part by the earnings of Bessie Carlson, a prostitute, and that the case falls within the purview of the act against pimping.

The court permitted the district attorney, over objection, to prove that prosecutrix was a prostitute and lived with the defendant in the state of Montana just before he came to California in November, 1911. As it was necessary, in order to prove the offense charged, to show that the defendant knew that Bessie Carlson was a prostitute, we have no doubt that the evidence objected to was admissible for that purpose.

The attorneys for the defendant conducted the defense upon the theory that the money was not given for the defendant's support, but was advanced to him to enable him to engage in some legitimate business, and that therefore, he was not guilty of the crime charged. An instruction embracing this theory proposed by the defendant was refused by the court; but we see no error in this, as the substance of the instruction was fairly covered by one, which reads as follows, and which was given to the jury: "If you find from the evidence that the prosecuting witness loaned and advanced to the defendant certain sums of money for the purpose of going into the saloon business or other business, or for any other purpose except the purpose of being supported or maintained by the said

prosecuting witness, it will be your duty to find a verdict of not guilty.''

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.